NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0747n.06

No. 07-1133

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Nov 20, 2009**

LEONARD GREEN, Clerk

ALLEN ZIMMERMAN, JR.,                           )
                                                )
     Petitioner-Appellant,                     )
                                                )
v.                                              )   On Appeal from the United States
                                                )   District Court for the Eastern
JOHN CASON, Warden,                             )   District of Michigan
                                                )
     Respondent-Appellee.                      )


Before:  GILMAN and McKEAGUE, Circuit Judges; BARRETT,[*] District Judge.

BARRETT, District Judge.  Allen Zimmerman, Jr., a *pro se* Michigan prisoner, appeals the decision of the district court denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  Zimmerman raised eight claims in his petition, but now asserts only that (1) trial counsel rendered ineffective assistance by failing to object to and move to suppress evidence found as a result of a search of Zimmerman's trash; and (2) trial counsel rendered ineffective assistance by failing to object to testimony concerning Zimmerman's prior convictions.  Zimmerman has abandoned all other claims raised in the petition.  Respondent argues that Zimmerman has waived appellate review because he did not file specific objections to the magistrate judge's report, which recommended denying habeas relief.

---

[*]  The Honorable Michael R. Barrett, United States District Judge for the Southern District of Ohio, sitting by designation.

For the reasons that follow, we **AFFIRM** the district court's denial of Zimmerman's claim that he was denied the effective assistance of trial counsel.

I.

On June 4, 1999, a Michigan jury convicted Zimmerman of safe breaking, breaking and entering with intent to commit larceny, and larceny in a building. The offenses arose out of a break-in of the Gagetown Inn in Gagetown, Michigan. Zimmerman's conviction and sentences were affirmed on direct appeal, and he was then denied post-conviction relief. In January of 2005, Zimmerman, proceeding *pro se*, filed a timely habeas petition pursuant to 28 U.S.C. § 2254. Zimmerman made eight separately enumerated claims. (ROA Vol. 1, pp. 8-9.) The magistrate judge recommended denying all eight claims. (ROA Vol. 1, p. 1733.) Zimmerman filed timely objections to the magistrate judge's report and recommendation, but only stated that he "disagreed" with each of the recommendations. (ROA Vol. 1, p. 1747.) Upon *de novo* review, the district court adopted the report and recommendation, and dismissed Zimmerman's petition.

Petitioner filed a timely notice of appeal. (ROA Vol. 1, p. 1752.) This Court granted a certificate of appealability on Petitioner's eight habeas claims and on the issue of whether Petitioner "waived his right to appeal by making general objections to the magistrate judge's report." (ROA Vol. 1, p. 1764.)

II.

We review a district court's legal conclusions in a habeas proceeding *de novo*, and its factual findings for clear error. *Cress v. Palmer*, 484 F.3d 844, 851 (6th Cir. 2007), *citing Hill v. Hofbauer*, 337 F.3d 706, 710 (6th Cir. 2003).

A.

Zimmerman listed eight objections, each corresponding to the magistrate judge's recommendation on each of the eight claims. (ROA, Vol. 1, pp. 1747-48.) For each objection, Zimmerman merely stated that "Petitioner disagrees . . ." and then repeated the magistrate's recommendation. Zimmerman concluded by stating: "Therefore Petitioner asks that this Court take into consideration that Petitioner could not respond to Magistrates [sic] recommendation in a proper manner due to the time limit." (ROA Vol. 1, p. 1748.) Respondent did not file any objections or a response to Zimmerman's objections.

The magistrate judge's report and recommendation included a warning that the "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (ROA Vol. 1, p. 1745.) In adopting the report and recommendation, the district court noted that Zimmerman had filed objections, but did not comment further upon the objections. (ROA, Vol. 1, p. 1749-50.)

This Court has held that "[a]s long as a party was properly informed of the consequences of failing to object, the party waives subsequent review by the district court and appeal to this court if it fails to file an objection." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995), *citing United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, No. 00-2054, 2001 WL 303507, at *1 (6th Cir. Mar. 19, 2001) (unpublished), *citing Miller*, 50 F.3d at 380. Therefore, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Smith v.*

*Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). This Court has

explained the rationale behind this rule:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. The duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard*, 932 F.2d at 509. However, "[t]he requirement for specific objections to a magistrate

judge's report is not jurisdictional and a failure to comply may be excused in the interest of justice."

*Kelly v. Withrow*, 25 F.3d 363, 366 (6th Cir. 1994), *citing Kent v. Johnson*, 821 F.2d 1220, 1222-23

(6th Cir. 1987). This Court has found that "[w]hen the district court does not itself make use of the

objection rule or rely upon it, much of the justification behind enforcement of the rule dissipates."

*Vaughn v. Lawrenceburg Power System*, 269 F.3d 703, 715 (6th Cir. 2001), *citing O'Neal v. Morris*,

3 F.3d 143, 144-45 (6th Cir. 1993), *rev'd in part on other grounds*, *O'Neal v. McAninch*, 513 U.S.

432 (1995). Therefore, where neither the district court nor defendant treat a claim as waived, and

there is a colorable attempt at an objection, this Court will treat the claim as if it had not been

waived. *Id.*

Respondent did not raise the issue of waiver until the briefing on appeal. While

Zimmerman's objections are general in nature, he did not make a general objection to the report and

recommendation in its entirety. Instead, he objected to each and every finding, albeit without

elaboration or grounds for objecting. Therefore, Zimmerman made a "colorable attempt" at

objecting. Furthermore, the district court did not make use of the objection rule, but instead

reviewed the entire record and report. In light of the policy behind the rule, we conclude that Zimmerman did not waive his right to appeal.

B.

Zimmerman argues that his trial counsel was ineffective for failing to object or move to suppress evidence recovered during the execution of a search warrant at Zimmerman's home. The search warrant was obtained based on evidence found in a warrantless search of Zimmerman's trash. (ROA, Vol. 1, p. 422-23, 730-31.)

To establish ineffective assistance of counsel, it must be shown that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish constitutionally deficient performance under the first prong, it must be demonstrated "that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. However, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. To establish prejudice under the second prong, there must be "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. To prevail on the merits of a habeas claim of ineffective assistance of counsel "it is the habeas applicant's burden to show that the state court applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002).

Zimmerman raised his ineffective-assistance-of-counsel claim on direct appeal. The Michigan Court of Appeals explained that Zimmerman did not raise this issue in a motion for a new

trial or an evidentiary hearing, and therefore the court's review was limited to the existing record.[1]

In applying *Strickland*, the Michigan Court of Appeals explained:

> Defendant also argues that defense counsel was ineffective for not challenging the constitutionality of the warrantless searches of four garbage bags that were from defendant's residence pursuant to a "trash pick." We disagree. Although the question of whether a warrantless search of garbage taken from the rear of a residence violates the Fourth Amendment continues to be a viable one, the propriety of garbage searches of trash taken from the curb is well settled under federal and Michigan law.
>
> Here, the record is devoid of any indication that the garbage was seized under questionable circumstances. On the contrary, the trial testimony indicates that the police simply accompanied an employee of defendant's regular garbage service to defendant's house where they took control of the garbage bags on the regularly scheduled day for pick up, thus supporting the conclusion that the seizure was lawful. Because it is not apparent from the record that defense counsel could have successfully challenged the garbage searches, defendant has not demonstrated that defense counsel was ineffective for not challenging the searches.

(ROA Vol. 1, pp. 947-48.)

In reviewing Zimmerman's habeas claims, the district court found that this decision of the Michigan Court of Appeals was not an unreasonable application of *Strickland*. Zimmerman argues to the contrary, relying upon affidavits made by himself and his parents that state that the trash pick up was not a part of the regular course of trash pick up, and the detectives and their agent trespassed in order to obtain the trash.[2] These affidavits were first presented to the Michigan courts on direct

---

[1]Zimmerman did file a motion for a new trial in the trial court before filing his direct appeal, but he did not raise his ineffective assistance of counsel claim in the motion.

[2]Zimmerman's parents explain in their affidavits that December 10, 1998 was "a regularly scheduled household debris pick up for the area," but on that date, the trash was not situated so that it was ready for removal. (ROA Vol. 1, pp. 110, 113, 115.) Zimmerman explains that the trash was stored in a wooden box near the back of the house, but the Zimmerman family previously left their trash at the curb for removal. (ROA, Vol. 1, p. 110.)

appeal as attachments to Zimmerman's "Pro Per Supplemental Brief on Appeal." However, Michigan law provides that "[t]o the extent that a defendant's ineffective-assistance-of-counsel claim depends on facts not of record, it is incumbent upon him to make an evidentiary record at the trial court level in connection with a motion for a new trial." *People v. Moore*, 341 N.W.2d 149 (Mich. Ct. App. 1983). In the absence of a trial court motion, a defendant must make a timely motion in the court of appeals for remand before the submission of the case on the merits. *Id.* at 151. A hearing will then be held pursuant to *People v. Ginther*, 212 N.W.2d 922, 925 (Mich. 1973), to permit a defendant to develop the record. Zimmerman did not follow this procedure. Therefore, the Michigan Court of Appeals reviewed only the existing record, which did not include the affidavits.

We find that the Michigan Court of Appeals was not unreasonable in applying *Strickland* to the record before it. In *California v. Greenwood*, the Supreme Court held that police do not act in violation of the Fourth Amendment when, through a prior arrangement with the regular trash collector, they obtain, open, and search through trash containers left for collection in an area readily accessible to the public. 486 U.S. 35, 40, 42 (1988). As the Michigan Court of Appeals explained, the only evidence in the record indicated that the seizure was lawful because the police accompanied an employee of the regular garbage service on the regularly scheduled day for pick up.

However, Zimmerman raised the ineffective-assistance claim again in his post-conviction motion for relief from judgment pursuant to Michigan Court Rule 6.508. It appears that the Zimmermans' affidavits were presented as a part of the motion. (ROA Vol. 1, p. 1673.)[3]

---

[3]In the copy of the motion for relief from judgment filed in the record before this Court, the affidavits do not actually appear as exhibits to the motion, but are referred to in the motion.

Zimmerman also sought a hearing pursuant to *Ginther*. The trial court found that the record did not

support the relief sought by Zimmerman:

> The officers did not simply go onto the property and sift through the trash. The officers waited until the trash was first picked up by the trash company and totally removed from the Zimmerman property before they started there [sic] search of the trash. This fact is acknowledged by Petitioner where, at page 23 of his support brief, he writes, "they contacted a refuse agency that served Mr. Zimmerman Jr.'s area and accompanied them to where Mr. Zimmerman, Jr., resided. Both of these parties … continuing in the refuse collection vehicle to where Mr. Zimmerman Jr. resided."
>
> …
>
> … [T]he Zimmerman's [sic] trash was collected by the trash collection agency on a regularly scheduled trash collection day. Petitioner himself, at page 23 of his brief, admits that the trash was located at "the back farthest point of the residence's backyard." This is the point where the trash is set to be removed and taken away. Once in the hands of the trash collection agency any privacy interest the Zimmerman's [sic] might have had in their trash disappeared.

(ROA Vol. 1, p. 1284-85.)[4] The trial court concluded that "any attempt by trial counsel to move for

the suppression of the evidence obtained in a search of the Zimmerman residence would have been

fruitless and futile; therefore, again, there was no ineffective assistance of counsel and a <u>Ginther</u>

hearing is not warranted." (ROA Vol. 1, p. 1286.)

Following this ruling by the trial court, the Michigan Court of Appeals denied Zimmerman's

application for a delayed appeal for failing "to meet the burden of establishing entitlement to relief

under MCR 6.508(D)." (ROA Vol. 1, p. 1196.) Likewise, the Michigan Supreme Court denied

---

[4]We note that there is absolutely no support in the record for the trial court's statement that the trash was collected from "the point where the trash is set to be removed and taken away." In fact, the Zimmermans' affidavits are to the contrary.

leave to appeal because Zimmerman "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." (ROA Vol. 1, p. 1289.)

In Zimmerman's habeas proceedings, the federal district court did not address these post-conviction rulings. Therefore, there is no analysis as to whether Zimmerman has procedurally defaulted his ineffective assistance of counsel claim insofar as it is based upon the affidavits.

This Court has adopted a four-part analysis to determine whether a claim has been procedurally defaulted in state courts. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). "First, the court must decide that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id.* Second, the court must determine whether the state courts actually enforced the state procedural sanction. *Id.* Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if the state procedural rule was not complied with, and that the rule was an adequate and independent state ground, then the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that actual prejudice resulted from the alleged constitutional error. *Id.*

Michigan Court Rule 6.508(D)(3) prohibits state courts from granting relief from judgment if the defendant alleges nonjurisdictional grounds that could have been raised on direct appeal from the conviction or sentence, unless the defendant demonstrates cause and actual prejudice. Under the first factor, this rule is an applicable state procedural rule, and it is clear from the record that Zimmerman failed to comply with the rule. Under the third factor, it is well established that MCR 6.508(D) constitutes an adequate and independent state ground upon which the state can rely to

foreclose review of a federal constitutional claim. *See Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005) (noting that "[i]t is well-established in this circuit that the procedural bar set forth in Rule 6.508(D) constitutes an adequate and independent ground on which the Michigan Supreme Court may rely in foreclosing review of federal claims"); *Simpson v. Jones*, 238 F.3d 399, 407 (6th Cir. 2000) (noting that "MCR 6.508(D) was being regularly followed as of 1990").

With regard to the second factor, there is some inconsistency in this Circuit as to whether the Michigan Supreme Court's summary statements citing MCR 6.508(D) invoke a procedural bar. In *Simpson v. Jones*, 238 F.3d 399 (6th Cir. 2000), this Court determined that a one-sentence order of the Michigan Supreme Court stating that the defendant "failed to meet the burden of establishing entitlement to relief under M.C.R. 6.508(D)" constituted a reasoned decision invoking a procedural bar. 238 F.3d at 407. This Court found that even though the ruling was brief and did not explicitly reference MCR 6.508(D)(3), the Michigan Supreme Court's statement was nevertheless "not unexplained." *Id.* at 407-408. This Court did not look beyond the Michigan Supreme Court's decision and concluded that as "the last state court rendering judgment in the case, its decision denying [defendant's] claims on the basis of a state procedural bar prevents federal habeas review." *Id.* at 408. This Court held similarly in *Burroughs v. Makowski*, 282 F.3d 410, 414 (6th Cir. 2002) (following *Simpson*, and holding "the Michigan Court of Appeals and Michigan Supreme Court's statements that Burroughs was not entitled to relief under M.C.R. 6.508(D) presents a sufficient explanation that their rulings were based on procedural default.").

Later, in *Abela v. Martin*, 380 F.3d 915 (6th Cir. 2004), a different panel of this Court found that where the state trial court and court of appeals denied relief on the merits of the petitioner's

federal claims and the Michigan Supreme Court denied relief on the basis of MCR 6.508(D) in general, the claims raised in the federal habeas petition were not procedurally defaulted. This Court explained: "given that all of the lower state courts adjudicated Abela's case on the merits, it is not at all clear that the Michigan Supreme Court's summary order relies on a procedural bar, as opposed to the non-procedural reason that Abela simply failed to meet his burden of 'establishing entitlement to the relief requested.'" *Id.* at 923.

However, as this Court has explained, published panel opinions are binding on all subsequent panels, and a panel of this Court cannot overrule the decision of another panel. *Alexander v. Smith*, No. 06-1569, 2009 WL 426261, at *6 (6th Cir. Feb. 20, 2009) (unpublished) (confirming that *Simpson* is binding precedent); *McCray v. Metrish*, No. 05-1902, 2007 WL 1376342, at *9 n.1 (6th Cir. 2007) (unpublished) (declining to follow *Abela* because 6th Cir. R. 206(c) states that "en banc consideration is required to overrule a published opinion of the court"). Therefore, *Simpson* and *Burroughs* are binding on this Court, and the Michigan Supreme Court's order denying Zimmerman relief pursuant to MCR 6.508(D) constitutes an explained order invoking an independent and adequate procedural bar to Zimmerman's federal claims.

As a consequence, Zimmerman must demonstrate that there was cause for him to not follow the procedural rule, and that actual prejudice resulted from the alleged constitutional error. However, when he was before the district court, Zimmerman did not attempt to establish cause for the default or actual prejudice. We note that Zimmerman obtained the affidavits during his direct appeal but has not provided any explanation for his failure to properly present them in a trial court motion or a motion to remand in the court of appeals. Therefore, we conclude that Zimmerman is

not entitled to habeas relief based upon trial counsel's failure to object or move to suppress evidence seized from Zimmerman's trash.

C.

Zimmerman also argues that his trial counsel was ineffective in failing to object when his prior criminal record was injected into the trial.

The first instance identified by Zimmerman is the testimony of Detective Hare, who during the first day of trial was asked to describe the items found in a grocery bag recovered from Zimmerman's trash. Hare stated that in addition to coin wrappers, coins, a glove, and some cigarette boxes, there was "[s]omething from the department of corrections addressed to Allen." (ROA Vol. 1, p. 420.) Hare later testified that during a search of a bedroom in Zimmerman's house, officers found a duffle bag, a bank money bag, coins, and "a letter from the department of corrections addressed to Allen Jr." in a dresser drawer. (ROA Vol. 1, pp. 423-424.) Counsel did not make an objection to this testimony.[5]

The second instance identified by Zimmerman was the testimony of Chief Kenneth Currey, who stated that in the bedroom where the bank bag was found, he found "some probation paperwork" in Zimmerman's name. However, counsel's objection to the testimony regarding the probation paperwork, based on relevancy, was sustained. (ROA Vol. 1, pp. 450-451.)[6]

_____

[5]However, immediately before Hare's testimony regarding the items recovered from the trash, Hare had testified as to what the officers were told about Zimmerman smoking Marlboro cigarettes. Counsel objected, and the court sustained the objection. (ROA Vol. 1, p. 420)

[6]Chief Currey's testimony was as follows:

Q. Chief Currey, when you were assisting with the search at the Zimmerman residence,

The third instance identified by Zimmerman was on the second day of trial, during the testimony of Detective Michael Larsen. Larsen explained that a letter found in the trash was "addressed to Allen Zimmerman from the Michigan Department of Corrections." Counsel objected to this testimony, but was overruled. (ROA Vol. 1, p. 596.)

Zimmerman raised this same claim in his direct appeal, but the Michigan Court of Appeals deemed the claim to be without merit:

> Here, the testimony was relevant to the question of identification, i.e., to link defendant to incriminating items of evidence. It was not intended to emphasize that defendant had a prior criminal history. Defendant has not overcome the presumption that counsel's decision not to object to the testimony mentioning the source of the letters was a matter of sound strategy, so as not to draw undue attention to the fact that defendant had a prior criminal history. Thus, defendant has failed to show that defense counsel was ineffective.

(ROA Vol. 1, p. 947.)

Zimmerman argues that the conclusion that counsel did not object due to sound strategy is contradicted by counsel's objection during Chief Currey's testimony. However, under the first prong

---

did you see any paperwork relating to identification in the bedroom where you described this cloth bank bag was seized?

A. Yes I did.

Q. What did you see?

A. I found some probation paperwork.

MR. BISHOP: Objection your Honor, relevancy.

THE COURT: Sustained. Found paperwork, what else?

(ROA Vol. 1, pp. 450-51.)

of *Strickland*, "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689, *quoting Michel v. Louisiana*, 350 U.S. 91, 101 (1955). The Supreme Court has cautioned that a court "should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.

As the district court noted, there was no actual reference to Zimmerman's prior convictions. The only references made were to paperwork from the department of corrections in the testimony of Detective Hare. It was not unreasonable for the Michigan Court of Appeals to conclude that it might be considered sound trial strategy to refrain from objecting to the testimony so as to not draw undue attention to the fact that Zimmerman had a prior criminal history. *See Stamps v. Rees*, 834 F.2d 1269, 1276 (6th Cir. 1987) (failure to request jury admonition concerning permissible use of evidence of prior convictions did not constitute ineffective assistance "as it is quite evident that … counsel simply wanted to get past the prior convictions as quickly as possible without bringing undue attention to them"). Because the Michigan Court of Appeals concluded that Zimmerman did not meet the first component of the *Strickland* test, it was not obligated to address both parts of the test. *Strickland*, 466 U.S. at 697. Therefore, the Michigan Court of Appeals' application of *Strickland* was not unreasonable, and the district court properly denied habeas relief based upon trial counsel's failure to object to testimony regarding prior convictions.

## VI. CONCLUSION

For the foregoing reasons, this Court **AFFIRMS** the district court's judgment on Zimmerman's claims that he was denied the effective assistance of trial counsel.