NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0977n.06

No. 11-4026

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

Nov 15, 2013

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| JAMES M. PARKS, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| DAVID BOBBY, Warden, | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| Respondent-Appellee. | ) | OHIO |
| | ) | |

Before: DAUGHTREY, COLE, and WHITE, Circuit Judges.

**HELENE N. WHITE, Circuit Judge.** Petitioner James Parks appeals from the

denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. Parks was convicted in

Ohio state court of violating Ohio Rev. Code Ann. § 2907.02(A)(1)(b) by engaging in sexual

conduct, fellatio, with a victim under the age of thirteen, and was sentenced to life in prison.[1]

The Ohio Court of Appeals affirmed the judgment, and the Ohio Supreme Court denied

Parks leave to appeal. While his direct appeal was pending before the Ohio Supreme Court,

---

[1]Parks was charged with two specifications: 1) that the victim was less than ten years
of age at the time of the offense; and 2) that Parks purposely compelled the victim to submit
to the sexual conduct by force or threat of force. *Parks v. Bobby*, No. 4:07CV3592, 2008
WL 8617272, at *1 (N.D. Ohio Oct. 1, 2008).

1

Parks filed this petition, asserting ineffective assistance of counsel at trial and on appeal. We AFFIRM.

## I.

Parks filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 raising claims of ineffective assistance of trial and appellate counsel. The matter was referred to a magistrate judge for a report and recommendation. The magistrate judge recommended denial of Parks's claims of ineffective assistance of trial counsel and appellate counsel. *Parks v. Bobby*, No. 4:07CV3592, 2008 WL 8617272 (N.D. Ohio Oct. 1, 2008). Parks's objections to the report included an objection to the magistrate judge's recommendation rejecting the ineffective assistance of trial counsel claim, but Parks did not address the magistrate judge's recommendation on his ineffective assistance of appellate counsel claim. The district court overruled Parks's objections, adopted the magistrate judge's report and recommendation, and dismissed Parks's petition. *Parks v. Bobby*, No. 4:07CV03592, 2011 WL 3473311 (N.D. Ohio Aug. 9, 2011). On appeal, Parks claims that his trial counsel and appellate counsel were constitutionally ineffective.

## II.

This Court reviews the district court's decision to grant or deny a writ of habeas corpus de novo. *Linscott v. Rose*, 436 F.3d 587, 590 (6th Cir. 2006). Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), state-court determinations of fact "shall be presumed to be correct," and the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). A habeas petitioner is not entitled to relief unless the state court's adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* § 2254(d). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court on materially indistinguishable facts." *Boykin v. Webb*, 541 F.3d 638, 642 (6th Cir. 2008) (citing *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000)). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from the Supreme Court's decisions but unreasonably applies it to the facts of the petitioner's case." *Id.* (citing *Williams*, 529 U.S. at 412–13).

*Strickland v. Washington* sets forth a two-pronged standard for establishing ineffective assistance of counsel:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). On the deficient-performance prong, the "defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. This assessment is "highly deferential," and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of

3

reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks omitted). On the prejudice prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Claims of ineffective assistance of appellate counsel are governed by the same two-prong standard of *Strickland. McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir. 2004). In the appellate context, the court must first assess the claim appellate counsel failed to raise. *Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir. 2008). Second, "[c]ounsel's failure to raise an issue on appeal could only be ineffective assistance of counsel if there is reasonable probability that inclusion of the issue would have changed the result of the appeal." *McFarland*, 356 F.3d at 699.

Parks argues that the state court of appeals unreasonably applied *Strickland* in denying his ineffective assistance of counsel claims. Parks must do more than show that he satisfies *Strickland*'s test because under AEDPA, it is not enough to convince a federal habeas court that the state-court decision applied *Strickland* incorrectly. Rather, Parks must show that the state court of appeals applied *Strickland* to the facts of his case in an objectively unreasonable manner. *Bell v. Cone*, 535 U.S. 685, 698–99 (2002).

## III.

Parks's claim that his trial counsel was constitutionally ineffective consists of four subclaims: 1) trial counsel's failure to object to the trial court's finding that the victim was

4

competent to testify and failure to file a motion to suppress the testimony of the victim following evidence of coaching; 2) trial counsel's failure to object to the trial court's "curative" instruction that allowed the jury to speculate about other sexual misconduct following testimony from a prosecution witness about sexual misconduct not included in the indictment; 3) trial counsel's failure to cross-examine a key state witness regarding his ability to see what occurred; and 4) trial counsel's failure to present evidence to support the defense theory that the state witnesses had improper motives and biases as outlined in his opening statement to the jury.

**A.**

Parks argues he was prejudiced by trial counsel's failure to object at the competency hearing or file a motion to suppress the testimony of the victim following evidence of coaching. The state appellate court concluded that the competency hearing showed that the victim was able to "differentiate between telling the truth and a lie" and "demonstrate[] his capability of relaying facts to the jury." *State v. Parks*, No. 04 CO 19, 04 CA 803, 2005 WL 3536473, at *3 (Ohio Ct. App. Dec. 23, 2005). This conclusion is not unreasonable. The state appellate court further concluded that counsel was not ineffective in failing to object to the child's testimony because it found no evidence that the trial court did not consider whether indications of coaching existed in its competency determination. *Id*. at *4. This conclusion too is not unreasonable.

Additionally, the state appellate court correctly applied the "reasonable probability" standard set out in *Strickland*, "a probability sufficient to undermine confidence in the outcome." *Id*. (citing *State v. Bradley*, 42 Ohio St. 3d 136, 142 (1989) (quoting *Strickland*,

5

466 U.S. at 694))). The state appellate court reviewed the competency voir dire and concluded that because the victim was able to recall and relay facts, appreciated the consequences of lying, and was close to the age of competency, the basis for a motion to suppress was "primarily speculative." *Id.* The district court did not err in its conclusion that the state appellate court's application of *Strickland* was objectively reasonable. *See Parks*, 2011 WL 3473311, at *4.

## B.

In his second subclaim, Parks argues that trial counsel was ineffective for failing to object to the trial court's jury instruction containing the phrase "in this case," following testimony related to sexual misconduct not included in the indictment. After Detective Walker's testimony about sexual conduct not charged in the indictment, trial counsel requested a mistrial but was denied. *Parks*, 2008 WL 8617272, at *15. Trial counsel then requested a curative jury instruction. *Id.* A curative instruction was initially denied, but in the jury charge, the trial court specifically stated the sexual conduct Parks was charged with and instructed the jury not to consider any other type. *Id.* Trial counsel withdrew his request. *Id.* The trial judge then added the phrase "in this case" to the jury instruction concerning the specific type of sexual conduct charged, and trial counsel did not object.

The state appellate court found that the addition of the words "in this case" likely did not cause the jury to speculate that Parks engaged in other sexual misconduct, and that even assuming trial counsel was deficient, when reading the jury instructions as a whole, counsel's error was not so serious as to deprive Parks of a fair trial. *Parks*, 2005 WL 3536473, at *6. The state appellate court's holding that Parks had not demonstrated he was

6

prejudiced by the inclusion of "in this case" in the jury instructions was not an objectively unreasonable application of federal law.

## C.

Parks's third subclaim is that trial counsel was ineffective for failing to adequately cross-examine Robert Freeman, a key witness for the prosecution, on his ability to see what occurred. Contrary to Parks's claim, trial counsel cross-examined Freeman about what he could and could not see. The state appellate court's summary of the cross-examination shows that trial counsel established that Freeman was unable to see the entire interior of Parks's truck, that he did not actually see Parks's penis in the boy's mouth, and that he could not say with certainty whether Parks had his underwear pulled down. *Id*. at *5. Based on this evidence, the state appellate court did not unreasonably apply *Strickland* in concluding that trial counsel adequately questioned Freeman's ability to see the incident and that Parks had not established ineffective assistance of counsel.

In his objections, Parks argued that the magistrate judge failed to look at the portion of Parks's traverse where he discusses Freeman's testimony. However, the district court correctly observed that the magistrate judge considered this testimony and agreed that the state appellate court's application of *Strickland* was objectively reasonable. *Parks*, 2011 WL 3473311, at *3 (citing *Parks*, 2008 WL 8617272, at *9). We find no error.

## D.

In his fourth subclaim, Parks argues that his trial counsel promised the jury in his opening statement that there would be evidence that witnesses had improper motives and biases, but then failed to present any testimony to support this defense. In his opening

7

statement, defense counsel told the jury, "You'll see a story unfold of revenge, marriages, divorce, prior court cases, all the motives in the world aimed at killing this man." *Parks*, 2008 WL 8617272, at *11. Parks argues that his trial counsel failed to deliver on this promise, severely prejudicing him by giving the prosecutor an opportunity to ask the jury during closing argument whether they heard such evidence or testimony. *Id*. at *12.

The state appellate court did not review this subclaim. The magistrate judge reviewed the claim de novo. *Id*. at *11 (citing *Wiggins v. Smith*, 539 U.S. 510, 534–38 (2003)). We agree that Parks failed to establish that trial counsel's performance was deficient or that he was prejudiced. *Id*. at *13. In addressing the prejudice prong of *Strickland*, ineffective assistance of counsel claims must be viewed in the context of the totality of the evidence presented at trial. *Strickland*, 466 U.S. at 695–96. Here, Freeman testified that he observed Parks in a truck with his pants down and a child's blond-haired head popping up from his lap; Freeman identified Parks in a photo lineup; Freeman provided a description of Parks's truck; Parks admitted that he had been in location of the incident; and the victim testified that he was forced to engage in sexual conduct with Parks. *Parks*, 2008 WL 8617272, at *12. Further, the jury was specifically instructed that Parks must be acquitted unless there is evidence establishing every essential element of the offense beyond a reasonable doubt, and that opening statements, while designed to assist the jury, are not evidence. *Id*.

Further, defense counsel questioned the critical witnesses regarding their involvement in reporting the incident, normal procedure, and the witnesses' failures and shortcomings. *Id*. at *13. In particular, the victim was cross-examined on the theory that

8

he had been manipulated into falsely accusing Parks in an effort to send him to jail. *Id.* Trial counsel sought to impugn the witnesses' credibility in the eyes of the jury and put forward this theory with each witness. *Id*. Parks has failed to establish he was prejudiced by counsel's performance.[2] We agree that Parks has not established prejudice under the second prong of *Strickland*.

## IV.

The Warden contends that Parks waived his right to raise an ineffective assistance of appellate counsel claim because he did not object to the magistrate judge's recommendation on this claim. *See Smith v. Detroit Fed'n of Teachers*, 829 F.3d 1370, 1373–74 (6th Cir. 1987) (holding that failure to object to a magistrate's report and recommendation constitutes "[acquiescence] in that recommendation and waive[s] subsequent review of the matter"); *Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009) ("[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review." (internal quotation marks omitted)).

"The requirement for specific objections to a magistrate judge's report is not jurisdictional and a failure to comply may be excused in the interest of justice." *Zimmerman*, 354 F. App'x at 230 (quoting *Kelly v. Withrow*, 25 F.3d 363, 366 (6th Cir. 1994)). Parks contends that a party waives appeal only if the party is properly informed of the consequence of failing to object, *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *United States*

---

[2]In his brief to this court, Parks argues that the cumulative effect of trial counsel's errors prejudiced him. In his reply brief, Parks concedes that post-AEDPA, this court held that cumulative error is not cognizable on habeas review because no Supreme Court case has established that right. *Lorraine v. Coyle*, 291 F.3d 416, 447 (6th Cir. 2002).

*v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981)), arguing that he was not properly informed because the report and recommendation said only, "Failure to file objections within the specified time *may* waive the right to appeal the District Court's order." (emphasis added). Parks argues that this warning was ambiguous and should not deprive him of his right to appeal. Parks was adequately informed of the consequence of failing to object and thus his ineffective assistance of appellate counsel claim is waived. Further, the state appellate court properly concluded that these claims do not meet the *Strickland* standard.[3]

## V.

For these reasons, we AFFIRM the decision of the district court.

---

[3]Parks argues that his appellate counsel was constitutionally ineffective for failing to raise on direct appeal that 1) Sergeant Foley deliberately destroyed his notes from his initial interview with witness Robert Freeman, in violation of Parks's due process rights; 2) trial counsel's error in withdrawing a request for a curative instruction regarding testimony of sexual misconduct not charged in the indictment deprived Parks of a fair trial; and 3) trial counsel was constitutionally ineffective for allowing Parks to be removed from the courtroom during the competency hearing. For the reasons stated in the state appellate court decision, none of these claims had a reasonable likelihood of success on the merits. *State v. Parks*, No. 04 CO 19, 2007 WL 1806028 (Ohio Ct. App. June 20, 2007).