[Cite as *State v. Warren*, 2015-Ohio-36.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

|  |  |  |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.   26112 |
| | : | |
| v. | : | T.C. NO. 94CR3533 |
| | : | |
| RAYMOND WARREN | : | (Criminal appeal from |
| | : |   Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the __9th__ day of ____January___, 2015.

. . . . . . . . . .

MICHELE D. PHIPPS, Atty, Reg. No. 0069829, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

JOANNA FEIGENBAUM, Atty. Reg. No. 0087717, Assistant State Public Defender, 250 East Broad Street, Suite 1400, Columbus, Ohio 43215
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

        **{¶ 1}** Defendant-appellant Raymond Warren appeals a decision of the trial court overruling his motion for leave to file a motion for new trial.   The trial court's decision was

issued on January 30, 2014. Warren filed a timely notice of appeal with this Court on March 3, 2014.

{¶ 2} On April 4, 1995, Warren was convicted of the murder of Wendell Scott Simpson after a jury trial. Warren was sentenced to a prison term of fifteen years to life, consecutive to an additional three year term of incarceration for the accompanying firearm specification. Warren appealed his conviction and sentence, and we affirmed the judgment of the trial court in *State v. Warren*, 2d Dist. Montgomery No. 15202, 1996 WL 612858 (Oct. 25, 1996).

{¶ 3} On November 19, 2013, Warren, acting pro se, filed a motion for a hearing pursuant to "Criminal Rule 33 A-2," citing newly discovered evidence as the basis for the motion. In his motion, Warren argued that two of the State's witnesses, Chante Hunt and Antonio Robinson, had both recanted their trial testimony and now claimed that Warren was not the individual who shot and killed Simpson. Construing Warren's motion as a motion for leave to file a delayed motion for new trial, the State filed a memorandum in opposition on January 21, 2014. As previously stated, the trial court issued its decision overruling Warren's motion for leave to file a delayed motion for a new trial on January 30, 2014.

{¶ 4} It is from this judgment that Warren now appeals.

{¶ 5} Initially, we note that on December 1, 2014, Warren filed a "Motion for Leave to Expand the Record" with this Court. In his motion, he argues that the trial court erred when it prematurely overruled his motion for leave to file a motion for a new trial before allowing him the requisite time pursuant to the Montgomery County Local Rules to file a reply brief to the State's memorandum in opposition. Warren also requests that we

permit him to expand the record on appeal to include the affidavit of Jennifer Paschen Bergeron, an attorney employed by the Ohio Innocence Project. Warren argues that Bergeron's affidavit "is necessary in order to: 1) put the issues before this Court in the proper context, 2) aid Mr. Warren and the State to fully and fairly respond to this Court's questions, and 3) for this Court to make a full and fair determination of the issues presented."

{¶ 6} Because they are interrelated, we will discuss all of Warren's assignments of error together as follows:

{¶ 7} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO HOLD A HEARING ON RAYMOND WARREN'S MOTION FOR LEAVE TO FILE A MOTION FOR A NEW TRIAL WHEN THE RECORD AND CIRCUMSTANCES SUPPORTED MR. WARREN'S CLAIM THAT HE WAS UNAVOIDABLY PREVENTED FROM DISCOVERING THE EVIDENCE AT ISSUE, AND THE DELAY IN FILING THE MATERIAL WAS REASONABLE UNDER THE CIRCUMSTANCES."

{¶ 8} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO GRANT MR. WARREN'S MOTION FOR LEAVE TO FILE A MOTION FOR NEW TRIAL."

{¶ 9} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO HOLD A HEARING REGARDING RAYMOND WARREN'S MOTION FOR LEAVE WHEN THE STATE PRODUCED EVIDENCE THAT THE PRIMARY TRIAL WITNESS: 1) ADMITTED THAT, DURING RAYMOND'S TRIAL, HE OFFERED FALSE TESTIMONY BECAUSE OF POLICE INTIMIDATION, 2) RECANTED HIS TRIAL TESTIMONY WHICH IMPLICATED MR. WARREN, AND 3) MADE STATEMENTS INDICATING THAT MR. WARREN WAS ACTUALLY INNOCENT."

{¶ 10} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO GRANT MR. WARREN LEAVE TO FILE A MOTION FOR NEW TRIAL AFTER THE STATE PRODUCED EVIDENCE THAT THE PRIMARY TRIAL WITNESS: 1) ADMITTED THAT, DURING RAYMOND'S TRIAL, HE OFFERED FALSE TESTIMONY BECAUSE OF POLICE INTIMIDATION, 2) RECANTED HIS TRIAL TESTIMONY WHICH IMPLICATED MR. WARREN, AND 3) MADE STATEMENTS INDICATING THAT MR. WARREN WAS ACTUALLY INNOCENT."

{¶ 11} As this Court has previously noted:

Crim. R. 33(A)(6) permits a convicted defendant to file a motion for a new trial upon grounds that new evidence material to the defense has been discovered that the defendant could not with reasonable diligence have discovered and produced at the trial. However, such a motion must be filed within 120 days after the day of the verdict, unless the trial court finds by clear and convincing evidence that he was unavoidably prevented from discovering the evidence.

"In order to be able to file a motion for a new trial based on newly discovered evidence beyond the one hundred and twenty days prescribed in the above rule, a petitioner must first file a motion for leave, showing by 'clear and convincing proof that he has been unavoidably prevented from filing a motion in a timely fashion.'" State v. Morgan, 3d Dist. Shelby App. No. 17-05-26, 2006-Ohio-145. "[A] party is unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed

for filing the motion for new trial in the exercise of reasonable diligence." (Citation omitted.)

*State v. Parker*, 178 Ohio App. 3d 574, 2008-Ohio-5178, 899 N.E.2d 183, ¶ 15-16 (2d Dist.). *See also* R.C. 2945.80.

{¶ 12} Additionally, this Court has held as follows:

[A] defendant is entitled to such a hearing if he submits documents that on their face support his claim that he was unavoidably prevented from timely discovering the evidence at issue. *State v. York* (Feb. 18, 2000), Greene App. No. 99-CA-54, 2000 WL 192433, citing *State v. Wright* (1990), 67 Ohio App.3d 827, 828, 588 N.E.2d 930; see, also, *State v. Mitchell*, Montgomery App. No. 19816, 2004-Ohio-459, 2004 WL 225464, ¶ 7- 10 (finding affidavits sufficient to warrant a hearing on whether the defendant was unavoidably prevented from discovering the facts upon which his request for a new trial relied). Notably, the documents at issue in York and Wright were affidavits from prosecution witnesses recanting their trial testimony against the defendant.

*State v. McConnell*, 170 Ohio App. 3d 800, 2007-Ohio-1181, 869 N.E.2d 77, ¶ 19 (2d Dist.).

{¶ 13} If it is not found that the defendant was unavoidably prevented from discovering the new evidence or from filing his motion for a new trial, the trial court is precluded from considering the untimely motion. *State v. Wilson*, 2d Dist. Montgomery No. 17515, 1999 WL 173551, * 1 (Mar. 31, 1999).

{¶ 14} In the instant case, Warren filed his motion for leave to file a motion for new

trial approximately fourteen years after the verdict was rendered in his case. Since Warren clearly exceeded the one hundred and twenty day time period, he was required to demonstrate that he was unavoidably prevented from timely discovering this evidence.

{¶ 15} The State filed its response to Warren's motion for leave to file a motion for a new trial on January 21, 2014. The Local Rules of Practice and Procedure for Court of Common Pleas, General Division, in Montgomery County permit a moving party seven days from the date that the memorandum in opposition is filed to file a reply. Mont. Co. Loc. R. 2.05(B)(1)(b). Moreover, the Local Rule in effect at the time Warren filed his motion for leave provided him with an additional three days, beyond the seven-day period, to file his reply brief because he received service of the State's memorandum in opposition by mail. See Mont. Co. Loc. R. 1.37(XI)(A)(3). Therefore, Warren had ten days from January 21, 2014, in which to file his reply brief. The trial court, however, rendered its decision overruling Warren's motion for leave on January 30, 2014, one day before the expiration of the ten-day time limit. Thus, we conclude that the trial court erred when it overruled his motion for leave to file a motion for new trial before allowing Warren his allotted time to file a reply memorandum. See *State v. York*, 2d Dist. Greene No. 99-CA-54, 2000 WL 192433 (Feb. 18, 2000).

{¶ 16} In rendering this decision, we make no ruling regarding whether the trial court should expand the record to include the affidavit of Bergeron. In light of our ruling that the trial court failed to provide Warren the requisite time in which to file a reply brief, all of his assignments of error are rendered moot for the purposes of this appeal.

{¶ 17} The judgment of the trial court is reversed, and this matter is remanded for proceedings consistent with this opinion.

. . . . . . . . . .

FROELICH, P.J., concurs.

HALL, J., dissenting,

{¶18} I would affirm the trial court's decision that the appellant did not demonstrate, by clear and convincing evidence, that he was unavoidably prevented from discovering the evidence upon which he relied to support his new-trial motion. I would do so for four reasons.

{¶19} First, when appellant filed his motion on November 19, 2013, he argued that after obtaining the affidavits of Antonio Johnson and Chante Hunt in 2008, his counsel, the Ohio Innocence Project, and later a private attorney, failed to file his motion in a timely fashion. There is no further detail, or affidavit, to explain the delay from January 2002, when he had to have knowledge of the Hunt affidavit (because he attached it to a motion for transcripts), until November 19, 2013, when he filed his motion. I agree with the trial court that his motion and attachments do not demonstrate by clear and convincing evidence that he was prevented from discovering evidence of recantation, and his motion is insufficient to require a hearing on the issue.

{¶20} Second, the State did not timely respond to the appellant's November 19, 2013 motion. Under Montgomery C.P. Loc.R. 2.05(B)(2), the State had fourteen days to timely respond. The State's January 21, 2014 Memorandum in Opposition was late. Local Rule 2.05(B)(1)(b) provides: "If a memorandum in opposition is filed in accordance with Subsection (B)(2) of this Rule [within fourteen days], a moving party may file a reply memorandum within seven days from the date on which the memorandum in opposition is

filed." Because the State's filing was late, by rule it was ineffective to trigger the moving party's right to file a reply. Moreover, after the time ran for the State to have a timely response (December 3, 2013), the trial court could have decided the matter without further notice because Local Rule 2.05(B)(2) also provides: "If no memorandum is filed within this time limit, the motion may be decided forthwith." I acknowledge that the better practice would be to wait for the potential time for a reply to expire even when a response is filed late, particularly when the trial court acknowledged in its decision that the State had filed its Memorandum in Opposition. But the wait of an additional day was not reversible error where nowhere in the trial court's decision is there any mention of any substantive reference by the trial court that it considered or relied on the State's argument or its late submission.

{¶21} Third, *State v. York*, 2d Dist. Greene No. 99-CA-54, 2000 WL 192433 (Feb. 18, 2000), does not require reversal in this instance. In *York*, the appellant filed a motion for a new trial, and the State filed a timely response. A Greene County local rule gave York ten days to file a reply, but the trial court ruled on the motion three days before expiration of the reply deadline. Within the deadline, however, York *did* file a reply containing arguments that the appellate court, in a two-to-one decision, found sufficient to have a hearing on the new-trial motion. *York* therefore differs in two respects: the State filed a timely response to the motion, which triggered the reply-time rule, and York did avail himself of the opportunity to file a reply. I would find that *York* is not dispositive here.

{¶22} Fourth, even if appellant had filed a reply, that reply could only have been a reply to the State's response and not the submission of new and additional arguments or evidence. Appellant was required to provide indicia of clear and convincing evidence,

sufficient to require a hearing, that he was unavoidably prevented from obtaining the new evidence at the time of his original filing. In the context of summary judgment, the nature of a reply has been addressed:

> It is well-established that a party moving for summary judgment must expressly delineate each basis on which it seeks summary judgment in its motion so as to provide the opposing party a meaningful opportunity to respond. *Buren v. Karrington Health, Inc.*, 10th Dist. No. 00AP–1414, 2002-Ohio-206, citing *State ex rel. Coulverson v. Ohio Adult Parole Auth.*, 62 Ohio St.3d 12, 14, 577 N.E.2d 352 (1991). The danger in allowing a new argument to be asserted in a reply or a supplemental motion is that the opposing party does not have an opportunity to respond, *Lawson v. Mahoning Cty. Mental Health Bd.*, 7th Dist. No. 10 MA 23, 2010-Ohio-6389, ¶ 50, citing *Buren*, and may be subjected to summary judgment by ambush. *See*, *e.g.*, *Smith v. Ray Esser & Sons, Inc.*, 9th Dist. No. 10CA009798, 2011-Ohio-1529 (reversible error to grant summary judgment based solely on arguments raised in the reply brief), *Lawson* at ¶ 51, citing *Internatl. Fid. Ins. Co. v. TC Architects, Inc.*, 9th App. Dist. No. 23112, 2006-Ohio-4869, ¶ 11, citing *Collins v. Emro Marketing, Co.*, 10th Dist. No. 98AP–1014 (May 11, 1999). Therefore, when a new argument is raised in a reply or supplemental motion for summary judgment, the proper procedure is to strike the reply or supplemental motion or, alternatively, to allow the opposing party to file a surreply. *Smith* at ¶ 15, citing *Lawson* at ¶ 50–51.

*Baker v. Coast to Coast Manpower, LLC*, 3d Dist. Hancock No. 5-11-36, 2012-Ohio-2840, ¶ 35.

**{¶23}** Similarly, in the appellate context, an appellant "is not permitted to raise new arguments in his reply brief." (Citations omitted) *Ameritech Publishing, Inc. v. Griffin*, 2d Dist. Clark No. 2009 CA 18, 2009-Ohio-5602, ¶ 13. "Reply briefs are merely intended to be an opportunity to reply to the brief of the appellee." *Id.*

**{¶24}** If Warren had filed a reply memorandum below, he would not have been permitted to include new arguments or additional evidence without leave of court. Otherwise, a reply begets a surreply, then a supplemental reply, and so on. Warren's initial motion was insufficient on its face, and that result would not have changed if he had received an additional day to file a reply.

**{¶25}** Of course, now the landscape has changed, and it would seem reasonable that upon remand the trial court should allow the parties to be fully heard. But I dissent from the conclusion that we should reverse its prior decision.

. . . . . . . . . .

Copies mailed to:

Michele D. Phipps
Joanna Feigenbaum
Hon. Mary Katherine Huffman