[Cite as *State v. Parks*, 2025-Ohio-2053.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## CARROLL COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JAMES M. PARKS,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 25 CA 0983**

---

Criminal Appeal from the
Court of Common Pleas of Carroll County, Ohio
Case No. 2003CR04477

**BEFORE:**
Katelyn Dickey, Cheryl L. Waite, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Steven D. Barnett*, Carroll County Prosecutor and *Atty. Michael J. Roth*, Chief Assistant Prosecuting Attorney, for Plaintiff-Appellee and

James M. Parks, Defendant-Appellant.

Dated: June 9, 2025

**DICKEY, J.**

{¶1}   Pro se Appellant, James M. Parks, appeals from the February 25, 2025 judgment of the Carroll County Court of Common Pleas dismissing his motion for a new plea hearing.  On appeal, Appellant asserts the trial court erred in denying his due process right to notice and an opportunity to be heard by not affording him a chance to file a responsive pleading in opposition to Appellee's, the State of Ohio, response.  Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

{¶2}   For the past two decades, Appellant has attempted to challenge his rape conviction.  In his direct appeal, *State v. Parks*, 2005-Ohio-6926 (7th Dist.), this court stated:

> Appellant, James M. Parks, was convicted of rape with force and an age specification, in violation of R.C. § 2907.02(A)(1)(b), a first degree felony, following his jury trial in the Columbiana County Court of Common Pleas. Appellant was deemed a sexual predator and was sentenced to life imprisonment by Judgment Entry dated March 4, 2004.

> Following this guilty verdict in Columbiana County, Appellant pleaded guilty to six separate first degree felony counts of rape in Carroll County, Ohio. Appellant was also deemed a sexual predator and was sentenced to two consecutive life sentences on March 4, 2004.

> Appellant timely appealed both entries. Appellant's Columbiana County appeal is numbered 04 CO 19; his Carroll County appeal is numbered 04 CA 803. This Court consolidated Appellant's appeals since each case involved the rape of the same young boy. . . .

*Parks*, 2005-Ohio-6926, at ¶ 1-3 (7th Dist.).

Case No. 25 CA 0983

{¶3}   On December 23, 2005, this court affirmed Appellant's conviction and sentence regarding both lower court judgments.  *Id.* at ¶ 3, 115.

{¶4}   Following his direct appeal, Appellant has unsuccessfully raised a variety of other legal claims:  *State v. Parks*, 2006-Ohio-7269 (7th Dist.) (denying his App.R. 26(B) application for reopening, Carroll County); *State v. Parks*, 2007-Ohio-3145 (7th Dist.) (denying his App.R. 26(B) application for reopening, Columbiana County); *State v. Parks*, 2009-Ohio-5284 (7th Dist.) (denying his App.R. 25(A) motion to certify a conflict); *State v. Parks*, 2009-Ohio-4817 (7th Dist.) (affirming the trial court's decision overruling two motions for withdrawal of Appellant's guilty plea); *State v. Parks*, 2012-Ohio-3011 (7th Dist.) (denying his postconviction petition as untimely in raising line-up issues); *Parks v. Bobby*, 545 Fed. Appx. 478 (6th Cir. 2013) (affirming U.S. District Court's denial of a writ of habeas corpus); *State v. Parks*, 2023-Ohio-4740 (7th Dist.) (affirming the denial of a public records request); *State v. Parks*, 2024-Ohio-1087 (appeal not allowed).

{¶5}   On February 10, 2025, Appellant filed a pro se motion for a new plea hearing.  The State filed a response two weeks later.  On February 25, 2025, the trial court dismissed Appellant's motion, stating:

> The Court having reviewed the motion, and response of the State, hereby denies the Defendant's motion for the following reasons:
>
> 1. The Defendant was properly advised of his five constitutional rights in open court, with his counsel, and there was an acknowledged written plea form. The Court fully explained the sections of law that the Defendant was pleading to, advising him of his constitutional rights under Crim.R. 11(C)(2)(c).
>
> 2. The Defendant's Motion is also barred by res judicata.
>
> 3. Therefore, the Court denies the Defendant's Motion in its entirety.
>
> IT IS SO ORDERED.

(2/25/2025 Judgment Entry).

Case No. 25 CA 0983

**{¶6}** Appellant filed the instant appeal and raises one assignment of error.

### ASSIGNMENT OF ERROR

**THE TRIAL COURT DENIED THE APPELLANT'S DUE PROCESS RIGHT TO NOTICE AND AN OPPORTUNITY TO BE HEARD BY NOT AFFORDING THE APPELLANT A 7-DAY TIME LIMIT TO FILE A RESPONSIVE PLEADING IN OPPOSITION TO THE STATE'S RESPONSE.**

**{¶7}** In his sole assignment of error, Appellant argues his due process right to notice and an opportunity to be heard was violated because the trial court did not afford him a chance to file a responsive pleading in opposition to the State's response.

**{¶8}** Appellant's filing requesting a new plea hearing essentially amounts to a successive petition for postconviction relief.

Post-conviction relief is a collateral civil attack on a criminal judgment. *State v. Steffen*, 70 Ohio St.3d 399, 410, 1994-Ohio-111, 639 N.E.2d 67. R.C. 2953.21 through R.C. 2953.23 govern petitions for post-conviction and provide that "any defendant who has been convicted of a criminal offense and who claims to have experienced a denial or infringement of his or her constitutional rights may petition the trial court to vacate or set aside the judgment and sentence." *State v. Martin*, 7th Dist. No. 12 MA 167, 2013-Ohio-2881, ¶ 13.

We apply an abuse of discretion standard when reviewing a trial court's decision to deny a post-conviction relief petition without a hearing. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58. "Abuse of discretion means an error in judgment involving a decision that is unreasonable based upon the record; that the appellate court merely may have reached a different result is not enough." *State v. Dixon*, 7th Dist. No. 10 MA 185, 2013-Ohio-2951, ¶ 21.

*State v. Anderson*, 2024-Ohio-2704, ¶ 10 (7th Dist.), quoting *State v. Smith*, 2017-Ohio-7770, ¶ 8-9 (7th Dist.).

"A postconviction petition may also be dismissed without a hearing where the claims are barred by res judicata." *State v. West*, 2009-Ohio-3347, ¶ 24 (7th Dist.). Res judicata bars any claim or defense that was raised or could have been raised in an earlier proceeding:

Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment.

*State v. Perry*, 10 Ohio St.2d 175, 180 (1967).

"[R]es judicata bars claims that could have been raised on direct appeal or any previous post-judgment motions." *State v. Smith*, 2019-Ohio-4501, ¶ 8 (7th Dist.).

*Anderson*, 2024-Ohio-2704, at ¶ 12-13 (7th Dist.).

**{¶9}** "*Res judicata* also applies to bar arguments raised in a successive petition for postconviction relief that were or could have been raised in a prior petition." (Emphasis sic). *State v. Reese*, 2025-Ohio-1441, ¶ 14 (7th Dist.), citing *State v. Ross*, 2021-Ohio-2362, ¶ 21 (7th Dist.).

"[A] trial court possesses the 'inherent authority to control its own docket and manage the cases before it.'" *King v. Divoky*, 2021-Ohio-1712, 2021 WL 2003886, ¶ 26 (9th Dist.), quoting *Holsopple v. Holsopple*, 2020-Ohio-1210, 2020 WL 1529016, ¶ 18 (9th Dist.). "This Court reviews a trial

court's orders regarding docket and case management for an abuse of discretion." *Id.*

*State v. Harris*, 2025-Ohio-503, ¶ 17 (9th Dist.).

**{¶10}** Appellant's attempts to challenge his conviction and guilty plea were raised or could have been raised on direct appeal or in his previous postconviction filings. *See Parks*, 2005-Ohio-6926 (7th Dist.) (direct appeal, affirmed); *Parks*, 2006-Ohio-7269 (7th Dist.) (reopening denied, Carroll County); *Parks*, 2007-Ohio-3145 (7th Dist.) (reopening denied, Columbiana County); *Parks*, 2009-Ohio-4817 (7th Dist.) (the trial court's decision overruling two motions for withdrawal of Appellant's guilty plea, affirmed). They are, therefore, barred by res judicata. *See Perry,* 10 Ohio St.2d at 180-181.

**{¶11}** Nevertheless, Appellant believes the trial court was constitutionally obligated to afford him seven days to file a reply to the State's response to his motion for a new plea hearing. In support, Appellant cites to *State v. Warren*, 2015-Ohio-36 (2d Dist.). *See* (4/21/2025 Appellant's Brief, p. 3). In *Warren*, the trial court overruled the appellant's motion for leave to file a motion for new trial. *Warren* at ¶ 1. The Second District noted, "The Local Rules of Practice and Procedure for Court of Common Pleas, General Division, in *Montgomery County* permit a moving party seven days from the date that the memorandum in opposition is filed to file a reply. Mont. Co. Loc. R. 2.05(B)(1)(b)." (Emphasis added). *Id.* at ¶ 15.

**{¶12}** Appellant's reliance on *Warren* is misplaced. *Warren* dealt with a motion for leave to file a motion for new trial. The case at bar deals with a motion for a new plea hearing. Also, *Warren* involved Montgomery County and that county court's local rules. The instant case involves Carroll County.

**{¶13}** Regarding the application of local rules of court, the Supreme Court of Ohio has held that they do not implicate constitutional rights. In *Smith v. Conley*, 2006-Ohio-2035, the Court stated: "Local rules of court are promulgated by and applied by local courts for the convenience of the local bench and bar. They do not implicate constitutional rights." *Id.* at ¶ 9.

Case No. 25 CA 0983

**{¶14}** Accordingly, the record reveals Appellant was properly advised of his constitutional rights under Crim.R. 11(C)(2)(c) in open court, with his counsel, and there was an acknowledged written plea form. Appellant's attempts to challenge his conviction and guilty plea were raised or could have been raised on direct appeal or in his previous postconviction filings and are, therefore, barred by res judicata. *See Perry,* 10 Ohio St.2d at 180-181. Appellant's claim of being denied due process in not having an opportunity to file a response to the State's response in opposition to his motion for a new plea hearing is without merit. *Smith*, 2006-Ohio-2035, at ¶ 9. The trial court had the inherent authority to control its own docket and manage the instant case before it. *Harris*, 2025-Ohio-503, at ¶ 17 (9th Dist.). The court could have sua sponte dismissed Appellant's motion and did not need a reply. *See generally State v. Wilson*, 2013-Ohio-180, ¶ 37 (2d Dist.). The court did not abuse its discretion in dismissing Appellant's motion for a new plea hearing.

## CONCLUSION

**{¶15}** For the foregoing reasons, Appellant's sole assignment of error is not well-taken. The February 25, 2025 judgment of the Carroll County Court of Common Pleas dismissing Appellant's motion for a new plea hearing is affirmed.


Waite, J., concurs.

Hanni, J., concurs.

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Carroll County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**