**Tracy L. COLE, Plaintiff–Appellant,**

v.

**Joan YUKINS, Warden, et al.,
Defendants–Appellees.**

No. 00–2054.

United States Court of Appeals,
Sixth Circuit.

March 19, 2001.

Before KEITH, NORRIS, and DAUGHTREY, Circuit Judges.

## ORDER

Tracy Cole appeals a district court order dismissing her civil rights action filed under 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Cole sued numerous Michigan correctional officials and personnel in their individual and official capacities, alleging that the defendants failed to protect her from two assaults by another inmate. Over Cole's objections, the district court adopted the magistrate judge's report and recommendation, concluded that her claims were barred by the statute of limitations, and dismissed the case. Cole has filed a timely appeal.

■ Upon review, we conclude that the district court properly dismissed Cole's complaint as barred by the applicable statute of limitations. This court renders de novo review of a district court judgment dismissing a suit as barred by a statute of limitations. *Sierra Club v. Slater*, 120 F.3d 623, 630 (6th Cir.1997).

Cole did not timely file her complaint. The personal injury statute of limitations in the relevant state establishes the statutory period for actions arising under 42 U.S.C. § 1983, *Wilson v. Garcia*, 471 U.S. 261, 275, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), and the statute of limitations for § 1983 actions arising in Michigan is three years. Mich. Comp. Laws Ann. § 600.5805(9); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir.1986). Cole alleged in her complaint that the defendants failed to protect her from assaults by another inmate occurring on July 1, 1996, and on August 17, 1996. However, Cole did not file her complaint until September 15, 1999, approximately a month beyond the three-year period.

Cole now argues that her complaint should be considered timely because she delivered her complaint to prison officials for mailing prior to the expiration of the statute of limitations. Cole has submitted certain documents on appeal in support of her assertion. However, Cole never properly raised this argument in the district court or presented these documents to the court. After the magistrate judge recommended dismissing her complaint because of the statute of limitations, Cole filed objections to his report. However, while she alleged in a conclusory manner that prison officials had contributed to the delay in filing her complaint, she did not specifically set forth the basis for this argument. This court requires litigants to file specific and timely objections to a magistrate judge's report and recommendation under 28 U.S.C. § 636(b)(1)(C) in order to preserve the right to appeal a subsequent order of the district court adopting that report. *Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Willis v. Sullivan,* 931 F.2d 390, 400–01 (6th Cir.1991). The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object. *See Miller v. Currie,* 50 F.3d 373, 380 (6th Cir.1995). Cole's conclusory objection is insufficient to preserve her challenge to the district court's dismissal based on the statute of limitations.

Lastly, Cole raises numerous allegations in her brief on appeal that prison officials were deliberately indifferent to her serious medical needs. However, Cole did not clearly raise these Eighth Amendment medical claims at any time in the district court and, therefore, this court will not consider them in the first instance on appeal. *Enertech Elec. Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 259 (6th Cir.1996)

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.