**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0737n.06

**NO. 10-5252**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*Oct 28, 2011*

LEONARD GREEN, Clerk

|  |  |  |
|---|---|---|
| MARILYN JOHNSON, et al., | ) | |
| | ) | |
| *Plaintiffs-Appellees,* | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE WESTERN DISTRICT OF |
| | ) | TENNESSEE |
| CITY OF MEMPHIS, | ) | |
| | ) | |
| *Defendant-Appellant.* | ) | |

---

**Before: MOORE and ROGERS, Circuit Judges; and HOOD, District Judge.**[*]

**Hood, District Judge.** Defendant City of Memphis ("City") appeals the district court's issuance of a preliminary injunction requiring it to immediately promote twenty-eight Plaintiffs to the rank of lieutenant within its police department. For the following reasons, we **AFFIRM** the district court's order.

**I.     Background**

This lawsuit consists of three consolidated cases challenging promotional processes utilized by the Memphis Police Department. *Johnson v. City of Memphis,* No. 00-2608 (*"Johnson I"*) challenged the process utilized in 2000 ("the 2000 process"). *Johnson v. City of Memphis,* No. 04-2017 (*"Johnson II"*) and *Billingsley v. City of Memphis,* No. 04-2013 (*"Billingsley"*) challenged the

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

process utilized in 2001 and 2002 ("the 2002 process"). Plaintiffs alleged violations of city and state law, as well as violations of Title VII of the Civil Rights Act and the Equal Protection Clause under 42 U.S.C. § 1983.

Following the implementation of the 2000 process, an independent expert retained by the City determined that the process needed to be replaced. As a result of this development, on June 25, 2001, the district court granted partial summary judgment in favor of the *Johnson I* Plaintiffs, finding the 2000 process to be invalid. The City began to develop a new promotional process and notified candidates that promotions under the 2000 process would be rescinded.

Subsequently, the City developed the 2002 process and requested a status conference to inform the district court regarding the new process. The court did not comment on the validity of the 2002 process, and the City proceeded with promotions under it in January 2003. On January 9, 2004, fifteen of the African-American *Johnson I* Plaintiffs filed a new lawsuit, *Johnson II,* asserting essentially the same claims raised in *Johnson I,* but aimed at the new process. Contemporaneously, a separate group consisting of thirty-five African-American patrol officers who were not promoted under the 2002 process filed *Billingsley,* asserting claims identical to those alleged by the *Johnson II* Plaintiffs.

The district court held a bench trial in July 2005. In December of 2006, the district court entered its Memorandum Opinion and Order on Remedies ("Memorandum Opinion"), rejecting all claims except Plaintiffs' Title VII disparate impact claims as to the 2002 promotional process for the rank of sergeant. The court found that, while the 2002 sergeant test was valid and reliable, less discriminatory valid alternatives were available and, thus, the 2002 process violated Title VII. The court ordered that all minority plaintiffs be promoted to sergeant, with back pay and seniority, within thirty days. The district court denied Plaintiffs' request, at that time, to be promoted and/or allowed

to compete for promotion to the rank of lieutenant because they lacked the two years' experience as sergeant required to obtain the rank of lieutenant.

On January 19, 2007, the City filed a motion to stay the injunction requiring promotion of the minority Plaintiffs pending appeal. Subsequently, the parties agreed that the Plaintiffs would be promoted with the understanding that, if the decision were reversed on appeal, they would return to the rank of patrol officer. The parties also agreed that pending appeal, Plaintiffs would not be awarded retroactive seniority or back pay.

In August 2007, the City announced that a make-up promotional exam for the rank of lieutenant would be given in October of that year. Plaintiffs moved for a preliminary injunction requiring the City to allow Plaintiffs to take the exam. Despite the fact that the Plaintiffs had not actually held the position of sergeant for two years, an eligibility requirement of lieutenant rank, the court found that its prior finding of discrimination created an "exceptional circumstance" and granted the injunction on September 4, 2007. The City complied with the injunction, allowing Plaintiffs to take the promotional exam, but it did not immediately promote the Plaintiffs who received passing scores.

On August 18, 2008, the City filed a motion for entry of final judgment or, in the alternative, a motion to seek interlocutory appeal of the order denying the motion for entry of final judgment. In its motion, the City asked that the district court enter a judgment based on its December 2006 Memorandum Opinion so that an appeal could be taken. The district court summarily denied the City's motions on December 23, 2008.

On September 14, 2009, Plaintiffs applied for the issuance of an injunction seeking the immediate promotion of twenty-eight Plaintiffs to the rank of lieutenant based on their passing scores on the make-up exam. The district court referred the matter to the magistrate judge. Applying the traditional four-factor analysis, the magistrate judge recommended that the preliminary injunction

3

be granted. He found that the "likelihood of success on the merits" factor weighed strongly in favor of the Plaintiffs based on the district court's 2006 Memorandum Opinion. Further, he determined that without the injunction, the Plaintiffs would suffer irreparable injury – namely, the loss of valuable work experience and opportunities to compete for other promotions. The magistrate judge also found that substantial harm to others would not result and that the public interest would be served by the issuance of the injunction. Specifically, he found that, even if the twenty-eight Plaintiffs were promoted to lieutenant, the police department would still be adequately staffed. Further, by the time of the magistrate judge's report, the twenty-eight Plaintiffs had met all of the requirements necessary to hold the rank of lieutenant. On March 4, 2010, the district court issued an order in which it adopted the magistrate judge's Report and Recommendation and granted the preliminary injunction ordering the immediate promotion of twenty-eight Plaintiffs to the rank of lieutenant. On March 15, 2010, the district court denied the City's motion to stay the injunction pending appeal.

## II. Discussion

A court considers four factors when determining whether to grant a preliminary injunction:

> (1) whether the movant has a strong likelihood of success on the merits; [(2)] whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of the injunction.

*Hunter v. Hamilton Cnty. Bd. of Elections,* 635 F.3d 219, 233 (6th Cir. 2011) (quoting *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.,* 511 F.3d 535, 542 (6th Cir. 2007)). We review a district court's decision to grant a preliminary injunction for abuse of discretion. *Id.* (citing *Certified Restoration Dry Cleaning,* 511 F.3d at 540-41). In applying the standard, we review the district court's legal conclusions de novo and its factual findings for clear error. *Id.* While the abuse

4

of discretion standard is highly deferential, the district court's decision should be reversed if the court "relied upon clearly erroneous findings of fact, improperly applied the governing law, or used an erroneous legal standard." *Id.* A finding is clearly erroneous when, although the record contains evidence to support the finding, the reviewing court, upon review of the entire record, "is left with the definite and firm conviction that a mistake has been committed." *Id.* For the reasons that follow, we are not persuaded that the district court erred.

## A. The City Waived its Objection Regarding Likelihood of Success on the Merits

Because of the district court's 2006 Memorandum Opinion in favor of the Plaintiffs, the magistrate judge concluded that the Plaintiffs were likely to succeed on the merits of the action. The district court agreed and adopted this rationale in its order granting the injunction. The City timely objected to the magistrate judge's report, but conspicuously absent from the City's brief below was an argument concerning the "likelihood of success on the merits."[1] The only mention of this factor came in the City's conclusion: "Plaintiffs cannot establish any irreparable harm or a likelihood of success on the merits . . . ." The Sixth Circuit has long recognized that in order to preserve the right to appeal, a party must file objections to a magistrate judge's report and recommendation with the district court. *Wright v. Holbrook,* 794 F.2d 1152, 1154-55 (6th Cir. 1986) (citing *United States v. Walters,* 638 F.2d 947, 950 (6th Cir. 1981)). The application of this rule "preclud[es] appellate review of any issue not contained in objections [to the magistrate's report] . . . ." *Thomas v. Arn,* 474 U.S. 140, 147-48 (1985). Further, "'only those specific objections to the magistrate's report made

---

[1] Although we could consider the Plaintiffs' likelihood of success on the merits, despite the City's failure to object to the magistrate's report, we decline to do so. During oral argument before this panel, counsel for the City correctly stated that any opinion we might render as to the Plaintiffs' likelihood of success on the merits would not finally resolve the merits of this case. Accordingly, we will delay rendering an opinion on the merits until such time as a direct appeal is brought.

to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991) (quoting *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987)).

"The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins,* 7 F. App'x 354, 356 (6th Cir. 2001) (unpublished opinion). While the waiver rule is not a jurisdictional rule, the Sixth Circuit has excused the specificity requirement only in limited circumstances. *See Carson v. Hudson*, 421 F. App'x 560, 564 (6th Cir. 2011) (unpublished opinion). The City's single conclusory statement was not sufficient to preserve this issue for appeal. Further, because the City will have an opportunity to appeal the merits of this case once a final judgment is entered, the interests of justice do not require that we excuse the waiver rule here. *See id.* Because the City has not preserved the issue of likelihood of success on the merits for appeal, we express no opinion whatsoever on the merits of the Plaintiffs' underlying claims. We proceed to the City's objections that were properly raised before the district court.

B.    **Remaining Factors**

**1. Irreparable Injury**

We are not persuaded that the district court abused its discretion when it determined that Plaintiffs would suffer irreparable injury in the absence of a preliminary injunction. With respect to this factor, "'[t]he key word . . . is irreparable,' and '[t]he possibility that adequate compensatory or other corrective relief will be available at a later date . . . weighs heavily against [the] claim.'" *Brake Parts, Inc. v. Lewis,* No. 10-6531, 2011 WL 3510225 at * 5 (6th Cir. Aug. 11, 2011)

6

(unpublished opinion) (quoting *Sampson v. Murray,* 415 U.S. 61, 90 (1974)). An injury is not "fully compensable by money damages if the nature of the plaintiff's loss would make damages difficult to calculate." *Basicomputer Corp. v. Scott,* 973 F.2d 507, 511 (6th Cir. 1992).

The City argues that any injury the Plaintiffs suffer in the absence of the injunction can be compensated by money damages, but Plaintiffs have identified injuries that cannot be remedied by money damages alone. Without the preliminary injunction, lost work experience and the opportunity to compete for promotions would be actual and imminent for these twenty-eight Plaintiffs. *See Abney v. Amgen, Inc.,* 443 F.3d 540, 552 (6th Cir. 2006) (describing irreparable harm as harm that is "actual and imminent" as opposed to "speculative or unsubstantiated"). Back pay could remedy Plaintiffs' injuries due to lost income alone, but the loss of experience and chances to compete for promotions are not easily valued. *See NAACP v. City of Mansfield, Ohio,* 866 F.2d 162, 171 (6th Cir. 1989) (citing *Firefighters Inst. for Racial Equal. v. City of St. Louis, Mo.,* 616 F.2d 350, 362 (8th Cir. 1980) (finding that continual delays in the promotion of black firefighters constituted irreparable injury as a matter of law)). Accordingly, the district court did not clearly err in finding that Plaintiffs would suffer irreparable harm in the absence of the preliminary injunction.

## 2. Risk of Substantial Harm to Others and the Public Interest

Nor did the district court err when it concluded that substantial harm to others would not result from the immediate promotion of the twenty-eight Plaintiffs. While the City maintains that the Plaintiffs' promotion to the rank of lieutenant poses a safety threat to the citizens of Memphis because of the openings then left at the sergeant level, the facts demonstrate that, even with

7

Plaintiffs' promotion, the police department would still be adequately staffed.[2] The magistrate judge found that, despite the City's purported concerns about an under-staffing of sergeants, it had recently promoted seventy sergeants to lieutenant rank. The magistrate judge also observed that the City had routinely filled sergeant vacancies with qualified patrol officers and that trial testimony revealed that the City expected to fill all of its sergeant vacancies by the next year. In fact, in its order adopting the magistrate judge's report, the district court noted that after the hearing before the magistrate judge, fifty new recruits graduated from the police academy – presumably ready to fill any vacant patrol officer positions.

Further, by the time the magistrate judge issued his report, the twenty-eight Plaintiffs who stood to be promoted had satisfied all of the requirements to serve as lieutenants in the Memphis Police Department. They not only scored high enough on the promotional exam, but had, by that time, actually served as sergeants for at least two years. As promoting these Plaintiffs does not present a safety threat – neither because of resultant under-staffing in other ranks nor Plaintiffs' lack of experience as sergeants – the district court did not err in determining that the public interest would be served by the issuance of the preliminary injunction.

The City has not identified why the public interest is not served by the preliminary injunction. Rather, as its primary argument on this front, the City asserts that the preliminary injunction is detrimental to the Plaintiffs themselves, because the promotion to the rank of sergeant is only conditional pending appeal of this matter. The City argues that if it is successful, the twenty-eight

_____

[2] As part of their response to the City's present appeal, Plaintiffs ask this Court to take judicial notice of the fact that, just eleven days after the twenty-eight Plaintiffs were promoted to lieutenant, the City promoted 165 patrol officers to the position of sergeant. Our task is, however, to review the record that was before the district court at the time the preliminary injunction was entered. While this fact would, without a doubt, undermine the City's safety threat argument, we will not consider it today.

Plaintiffs will be returned to the rank of patrol officer. While the City suggests that the Plaintiffs may rely on their promotions and corresponding pay raises to their detriment, the Plaintiffs undoubtedly are aware that they will return to the rank of patrol officer if this matter is reversed on appeal. The City's argument regarding the public interest is unavailing and certainly does not show that the district court erred in determining that the preliminary injunction was consistent with the public interest.

## IV. Conclusion

Because the district court did not abuse its discretion with respect to any of the issues properly preserved for this appeal, we **AFFIRM** the district court's order granting a preliminary injunction requiring the immediate promotion of twenty-eight Plaintiffs to the rank of lieutenant in the Memphis police force.

However, we are cognizant of the protracted nature of this case, now in its eleventh year, and concerned at the degree of delay. The district court entered a Memorandum Opinion on the issue of liability in December 2006 that remains interlocutory almost five years later, pending a decision on the amount of back pay due to Plaintiffs. From the parties' comments made during oral argument, we gather that both parties desire a final judgment in this case – the City, so that it can appeal and the Plaintiffs, so that they can obtain back pay. Some progress toward a conclusion to this matter has been evidenced of late, as the magistrate judge recently issued a Report and Recommendation in which he recommends that the preliminary injunction at bar before this Court become permanent. The district court should work expeditiously to resolve any remaining issues and to enter a final judgment in this case. Certainly, six months would be a sufficient amount of time for the district court to enter a final judgment in this case, if not sooner. If, at the conclusion of that

time, a final judgment has not been achieved, we invite the parties to file a petition for a writ of mandamus.