NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0695n.06

Case Nos. 16-6349/6835

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Dec 19, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| MARILYN JOHNSON, et al., | ) | |
| | ) | |
| Plaintiffs-Appellees, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| CITY OF MEMPHIS, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: SUHRHEINRICH, GIBBONS, and COOK, Circuit Judges.

COOK, Circuit Judge. Some 17 years after this litigation began, we again find it before us. The City of Memphis ("the City") asks us to direct that the district court vacate judgment and enter a new one that does not award backpay to a group of plaintiff police officers. Having no cause to vary from the path the district court took, we AFFIRM.

**I.**

The factual and procedural background underlying this litigation has been recited extensively in multiple orders and opinions. A summary follows.

In 2000, the City administered a four-part assessment ("the 2000 process") to determine which patrol officers would be promoted to sergeant. Upon discovering that the administration of the practical test had been compromised, the City discounted that component entirely and re-

weighed the others. This prompted a group of test-taking officers who were not promoted to sue the City; they alleged, in part, that the 2000 process was racially discriminatory in violation of Title VII of the Civil Rights Act of 1964. *See generally Johnson v. City of Memphis*, No. 2:00-cv-2608 ("*Johnson I*"). With *Johnson I* pending, the district court granted the City leave to develop a replacement officer-to-sergeant promotion process ("the 2002 process").

The 2002 process differed from its predecessor, but it too spurred litigation. In *Billingsley v. City of Memphis*, No. 2:04-cv-2013 ("*Billingsley*"), 35 officers who unsuccessfully sought promotion alleged that the 2002 process disparately impacted minority officers in violation of Title VII. And in *Johnson v. City of Memphis*, No. 2:04-cv-2017 ("*Johnson II*"), 15 *Johnson I* Plaintiffs who had not been promoted via the 2002 process likewise alleged a Title VII violation.

Following consolidation of *Johnson I*, *Billingsley*, and *Johnson II*, the district court held that the 2000 process violated Title VII and granted the *Johnson I* Plaintiffs' motion for partial summary judgment. The court ruled, after a bench trial, that the 2002 process likewise violated Title VII, and it fashioned the following relief: (1) promotion of "all minority plaintiffs who have not already been promoted to the rank of sergeant within 30 days"; (2) "within 60 days, pay to those plaintiffs thus promoted backpay commensurate with their having assumed the sergeant rank on the date of their first denial of promotion under either the 2000 or 2002 process"; and (3) amendment, within 30 days, of "the employee records of all minority plaintiffs to reflect seniority credit commensurate with their having assumed the sergeant rank on the date of their first denial of promotion under either the 2000 or 2002 process." The court did not enter final judgment at that time.

In February 2007, the court entered a consent order providing in relevant part:

1. Pending appeal, the following minority Plaintiffs will be promoted to the rank of Sergeant and paid Sergeant salary, effective with the payroll period beginning February 3, 2007. . . .
2. Within the next thirty (30) days, the above individuals will be given assignments at the rank of Sergeant. In the event that the Court's December 28, 2006 Memorandum Opinion and Order is reversed on appeal, Plaintiffs will be returned to the rank of patrol officer.

There followed a variety of remedies-related motions for injunctions and stays. In October 2011, we affirmed a preliminary injunction ordering the immediate promotion of 28 qualifying plaintiffs to the rank of lieutenant. *Johnson v. City of Memphis (Johnson Appeal I)*, 444 F. App'x 856, 857–58, 861 (6th Cir. 2011). The district court made the injunction permanent shortly thereafter.

At last, the district court entered a final judgment in the consolidated cases in March 2013. The judgment awarded backpay to the three plaintiff groups; the retroactive date for the *Johnson I* and *Johnson II* Plaintiffs was July 11, 2000, and the retroactive date for the *Billingsley* Plaintiffs was January 10, 2003.

The entry of final judgment brought with it a fresh round of appeals—and a stay of execution of the judgment. Both parties disputed various rulings, with the City cross-appealing only the district court's order invalidating the 2002 process on Title VII grounds and the associated attorneys' fees award. *Johnson v. City of Memphis (Johnson Appeal II)*, 770 F.3d 464, 469 (6th Cir. 2014). We reversed the district court's Title VII judgment invalidating the 2002 process, vacated the district court's fees award, and remanded for further consideration. *Id.* at 485.

On remand, the *Johnson* Plaintiffs moved to dissolve the stay of execution of the district court's Title VII judgment invalidating the 2000 promotion process and awarding corresponding

relief. The City sought entry of a new judgment to replace the March 2013 judgment. On May 10, 2016, the district court granted Plaintiffs' dissolution motion and declined to enter a new judgment. *See Johnson v. City of Memphis*, No. 00-2608-STA-tmp, 2016 WL 2733139 (W.D. Tenn. May 10, 2016).

Then, on August 4, 2016, the court approved various settlement agreements that resolved *Billingsley*. The court made clear that its order dismissed with prejudice only the *Billingsley* Plaintiffs; it noted in conclusion that "[t]he Orders and Judgment entered in the consolidated cases of [*Johnson I*] and [*Johnson II*] shall remain in effect and are undisturbed by this Order."

Several weeks later, on August 24, the court denied three additional motions. *See Johnson v. City of Memphis*, No. 00-2608-STA-tmp, 2016 WL 4468861 (W.D. Tenn. Aug. 24, 2016). The *Johnson* Plaintiffs had moved to enforce the March 2013 judgment against the City, requesting that the court compel the City to deposit the backpay award into the court's registry. Finding it had no authority to order such relief, the court denied Plaintiffs' motion. The court also denied the City's motions to "clarify" the May 10 order and to "enforce" the February 2007 consent order.

The City appealed the May 10, August 4, and August 24 orders. Plaintiffs moved to dismiss the appeal as untimely, but we concluded otherwise. *Johnson v. City of Memphis*, Nos. 16-6349/6835 (6th Cir. Aug. 15, 2017) (order). We now address the merits of the City's appeal.

## II.

### A.

The City chiefly contends that the district court erroneously failed to vacate the March 2013 judgment in light of our holding in *Johnson Appeal II*. As the City correctly perceives, we reversed the Title VII judgment as to the 2002 process. *Johnson Appeal II*, 770 F.3d at 485. But

because the City did not raise it as an issue, we did not decide the validity of the 2000 process. *See id.* at 469, 485. Seemingly recognizing as much, the City narrows its claim to allege that the district court "erred by not at least vacating the portion of the judgment that declared the *Johnson II* and *Billingsley* Plaintiffs prevailing parties."[1]

The 15 *Johnson II* Plaintiffs who challenged the 2002 process were also *Johnson I* Plaintiffs, and all *Johnson I* Plaintiffs participated in the 2000 process. The district court found that the 2000 process violated Title VII, and the City never appealed that ruling. In *Johnson Appeal II*, we reversed the district court, holding that the 2002 process did not violate Title VII. *Id.* at 485. But that decision did not alter the 15 individuals' entitlement to relief based on the unchallenged 2000 process. And there's the rub for the City: whether an officer was only a *Johnson I* Plaintiff or also a *Johnson II* Plaintiff, the officer remained entitled to the relief granted with respect to the 2000 process.

As support for its argument, the City notes that the district court granted attorneys' fees to the *Johnson I* Plaintiffs but not the *Johnson II* Plaintiffs. The City argues that it is therefore "logically inconsistent" to refuse to vacate the March 2013 judgment but nevertheless find that the *Johnson II* Plaintiffs were not prevailing parties for the purposes of attorneys' fees. We disagree. It's true, as the district court remarked, "that the *Johnson II* Plaintiffs did not prevail on any of the causes of action alleged in *Johnson II*." That is why the district court declined to award attorneys' fees to the *Johnson II* Plaintiffs—they weren't prevailing parties in that lawsuit. But that has no bearing on the backpay awarded due to the 2000 process's invalidity.

---

[1] As part of their settlement, the *Billingsley* Plaintiffs waived their claims for backpay and attorneys' fees. The district court granted the parties' joint motion to approve the settlement, dismissing the case with prejudice. Vacating the judgment in *Billingsley* is therefore a moot point.

The City additionally presses that the March 2013 judgment bestows a windfall upon the *Johnson II* Plaintiffs by awarding them backpay for more than a dozen years from July 11, 2000, through March 4, 2013. According to the City, this puts the *Johnson II* Plaintiffs in "the same position as those who earned promotions based on the 2002 results, which this Court declared valid in 2014."

The City's argument fails to persuade. For one, we agree with Plaintiffs that the City has the backpay period incorrect. July 11, 2000, marked the date the *Johnson I* Plaintiffs were first denied a promotion related to the 2000 process. The backpay ending date differed, however, based on when each Plaintiff was promoted—evidenced by the detailed spreadsheets Plaintiffs submitted to the district court on March 1, 2013, in support of each individual backpay claim. That all *Johnson I* Plaintiffs were awarded prejudgment interest through March 4, 2013, does not represent a dubious windfall. Nor do we discern an abuse of discretion by the district court in fashioning the backpay awards as it did. *See Madden v. Chattanooga City Wide Serv. Dep't*, 549 F.3d 666, 678 (6th Cir. 2008).

**B.**

The City also asks us to remand and mandate that the district court return all *Johnson II* Plaintiffs still employed by the Memphis Police Department to the rank of patrol officer. Its claim hinges on the parties' consent order—entered by the district court in February 2007—articulating that "[i]n the event that the Court's December 28, 2006 Memorandum Opinion and Order is reversed on appeal, Plaintiffs will be returned to the rank of patrol officer."

Given the *Billingsley* settlement, the district court denied as moot the motion as to that group of plaintiffs, and the City does not appeal this decision. As for the *Johnson I* Plaintiffs named in the agreement, the court found that enforcing the order "would not be appropriate."

Reviewing de novo the district court's interpretation of the consent order, *National Ecological Foundation v. Alexander*, 496 F.3d 466, 476 (6th Cir. 2007), we have no quarrel with its analysis, restated here:

> The City's argument to enforce the agreed order against the *Johnson I* Plaintiffs is without merit because the *Johnson I* Plaintiffs prevailed on their Title VII claim as to the 2000 process and the City waived on appeal any challenge to that portion of the Court's judgment. While the same officers did not prevail on their challenge to the 2002 process in *Johnson II*, they did prevail on their challenge to the 2000 process in *Johnson I* and remain entitled to the relief granted for the Title VII violations in the 2000 process.

The City's repeated references to the officers as "*Johnson II* Plaintiffs" do not disturb the unassailable fact that these individuals also prevailed as *Johnson I* Plaintiffs. And the City offers no support for its assertion that "[t]he *Johnson II* Plaintiffs agreed to the order, knowing they could not rely on their success in *Johnson I*."

**III.**

For these reasons, we AFFIRM.