NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0548n.06

No. 17-4222

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| SPECIAL LEARNING, INC., | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| STEP BY STEP ACADEMY, INC., | ) | SOUTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellee. | ) | |
| | ) | |

FILED
Nov 01, 2018
DEBORAH S. HUNT, Clerk

BEFORE: BATCHELDER, GIBBONS, and COOK, Circuit Judges.

**JULIA SMITH GIBBONS, Circuit Judge.** Before this court for the second time is an appeal over the jury verdict in a contract dispute between Special Learning, Inc. ("Special Learning") and Step by Step Academy, Inc. ("SBSA"). Following trial, a jury found that SBSA had breached the parties' agreement but awarded Special Learning no damages. In its first appeal, Special Learning claimed that the verdict should be set aside as inconsistent. But we found Special Learning had forfeited any objection to the verdict's consistency because it did not raise this objection before the jury was discharged. *See Special Learning, Inc. v. Step by Step Acad., Inc.*, 708 F. App'x 842, 846 (6th Cir. 2017). Now before us is the question of whether, despite the lack of monetary damages, Special Learning was a prevailing party in the litigation. Because Special Learning failed to object to one of the bases for the magistrate judge's determination that it was not a prevailing party, we find that it has again waived its claims on appeal.

No. 17-4222, *Special Learning, Inc. v. Step by Step Academy, Inc.*

**I.**

SBSA is a non-profit mental-health center that provides services to children with Autism Spectrum Disorder. SBSA needed to update its software to maintain accreditation as a rehabilitation facility and it turned to Special Learning, a software-development company that focuses on educational software, to develop the necessary updated programs. Toward that end, the parties entered into a Custom Software Development Agreement (the "SDA").

However, as discussed in more detail in our prior opinion, the "estimated total contract price" for the new software in the SDA—$597,000—turned out to be far less than the actual cost of the project. *See Special Learning*, 708 F. App'x at 843–44. After paying invoices totaling more than $640,000, SBSA ceased making payments. *Id.* at 843. Special Learning never delivered the promised software. *Id.* at 843–44.

Special Learning sued SBSA and SBSA counterclaimed, each asserting, *inter alia*, breach of contract claims arising under the SDA. Following an eight-day trial, the jury found that SBSA had breached the SDA but awarded Special Learning no damages for the breach. Neither party objected to entry of the verdict forms.

A month later, however, Special Learning filed a motion to alter or amend the judgment and for a new trial under Federal Rule of Civil Procedure 59 (the "Rule 59 motion"). In that motion, Special Learning argued that the jury's verdict was "grossly inadequate and facially inconsistent" for finding that SBSA breached the SDA without awarding Special Learning any damages. DE 105, Rule 59 Mot., Page ID 2227. The district court denied the Rule 59 motion, citing Special Learning's failure to object to the verdict before the jury was discharged. Special Learning appealed this denial and we affirmed based on the waiver. *Special Learning*, 708 F. App'x at 846.

2

Shortly before filing its Rule 59 motion, Special Learning also filed a motion for attorneys' fees and costs (the "Attorneys' Fees motion"). The basis for this motion was a clause in the SDA stating: "If any legal action is necessary to enforce this Agreement, the prevailing party will be entitled to reasonable attorney fees, costs and expenses." DE 46-2, SDA, Page ID 702.

While the first appeal was pending before this court, the magistrate judge issued a Report and Recommendation (the "R&R"), recommending the district court deny the Attorneys' Fees motion because Special Learning was not a prevailing party under the SDA. The R&R provided two independently sufficient rationales for the recommendation. First, the R&R analyzed the determination of a "prevailing party" under Federal Rule of Civil Procedure 54, which requires the party seeking to obtain prevailing party status to show "(1) it receive[d] 'at least some relief on the merits of [its] claim,' and (2) there [was] a 'judicially sanctioned change in the legal relationship of the parties.'" *Maker's Mark Distillery, Inc. v. Diageo N. Am., Inc.*, 679 F.3d 410, 425 (6th Cir. 2012) (second alteration in original) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 603, 605 (2001)). The magistrate judge determined that Special Learning had failed to satisfy either element of the *Maker's Mark* test. Second, the R&R determined that Special Learning could not be a prevailing party for a breach of contract claim under Ohio law because it failed to succeed on the final element of such a claim—damages. *See Doner v. Snapp*, 649 N.E.2d 42, 44 (Ohio App. Ct. 1994) (noting that "damages are an essential element" for a breach of contract claim). The R&R also expressly instructed the parties to provide "written objections to those specific proposed findings or recommendations to which objection is made" and warned that failure to object to the R&R would result in a waiver of the right to de novo review by the district judge and the right to appeal the decision of the district court to this court. DE 115, R&R, Page ID 2295–96 (citing 28 U.S.C. § 636(b)(1)).

Special Learning filed a "Reply in Support of its [Attorneys' Fees motion]" in which it asserted the magistrate judge made several errors in the R&R. Specifically, Special Learning argued that the magistrate judge misconstrued the facts by ignoring the non-breach-of-contract claims and misapplied the *Maker's Mark* test because Special Learning had succeeded on its non-breach-of-contract claims and retained the software programs it created—allegedly showing some relief and a change in relationship. Notably, however, Special Learning raised no objection in this brief to the R&R's rationale that a lack of damages for a breach of contract claim supported denial of attorneys' fees. The district court subsequently entered an order adopting the R&R's recommendation, finding that the magistrate judge had not erred in focusing on the breach of contract claims or in applying the *Maker's Mark* test and, moreover, that Special Learning had waived any objection to the finding that it was not a prevailing party for its failure to obtain damages on its breach of contract claim under Ohio law. Special Learning timely appealed this order.

## II.

"In general, we review 'a district court's award or denial of attorney fees and costs for an abuse of discretion.'" *Hometown Folks, LLC v. S & B Wilson, Inc.*, 643 F.3d 520, 533 (6th Cir. 2011) (quoting *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 551 (6th Cir. 2008)). However, to the extent such a determination turns on the interpretation of state law, including contract law, we review de novo. *Id.* (citing *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001)).

## III.

In this second appeal, Special Learning asserts that the district court erred in denying its Attorneys' Fees motion for two reasons. First, Special Learning claims the district court erred by

repeating the magistrate judge's misapplication of the *Maker's Mark* test. And second, Special Learning claims that it did object to the magistrate judge's determination that it failed to satisfy the damages element of its Ohio breach of contract claim, and therefore, the district court erred in finding that it had waived any argument against that determination.

Taking the waiver argument first, the two portions of Special Learning's brief that it cites as responding to the R&R's conclusion that it failed to show damages as required by Ohio law make no reference to the magistrate judge's second rationale for recommending that the Attorney's Fees motion be denied. Even under a charitable reading of these sections—which consist entirely of vague and conclusory allegations of error by the magistrate judge—there is no reference to a breach of contract claim under Ohio law, let alone Special Learning's satisfaction of the damages element for such a claim. "A district judge should not have to guess what arguments an objecting party depends on when reviewing a magistrate's report." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (internal quotations omitted). Accordingly, because Special Learning failed to specifically object to this rationale for the magistrate judge's finding that it was not a prevailing party under the SDA, it has waived any argument on appeal against the district court's adoption of that finding. *See Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object.") (citing *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir.1995)); *see also Thomas v. Arn*, 474 U.S. 140, 147–50 (1985) (affirming an appellate court's holding that a failure to file an objection to the magistrate's report constitutes a waiver); *Howard*, 932 F.2d at 508–09 (holding that a general objection to a magistrate's report does not satisfy the requirement that an objection be filed).

As indicated by the district court in adopting the R&R, the conclusion that Special Learning could not be a prevailing party because it had not satisfied all the elements for its breach of contract claim is a sufficient independent basis supporting denial of the Attorneys' Fees motion. Therefore, we may affirm on that basis alone and need not address whether the district court abused its discretion in applying the *Maker's Mark* test to further support its denial of that motion. We choose to do so.

## IV.

For the foregoing reasons, we affirm.